IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOLANDA MCMILLAN,<br><br>  Plaintiff,<br><br>    v.<br><br>FULTON COUNTY GEORGIA, STEVEN R. KATKOWSKY, individually and in his official capacity as Director, Department of Health and Wellness for Fulton County, and THOMAS C. ANDREWS, individually and in his official capacity as County Manager for Fulton County,<br><br>  Defendants. | CIVIL CASE NO.<br>1:07-CV-2073-JTC |

## **O R D E R**

Pending before the Court are Defendants' motion to dismiss [#9], the Magistrate Judge's Report and Recommendation [#12], Plaintiff's Objections [#14], and Plaintiff's motion for default judgment [#13]. In her Complaint, Plaintiff brings 42 U.S.C. § 1983 claims for First and Fourteenth Amendment violations; a state equal protection claim; 42 U.S.C. §§ 1981 and 1983 claims for racial discrimination; and a 42 U.S.C. § 1981 claim for retaliation. The Magistrate Judge recommends that the Court grant Defendant's motion to dismiss [#9].

I.     **Standard of Review**

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a careful, <u>de novo</u> review of the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objected. The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for clear error.

II.    **Analysis**

In her Objections, Plaintiff first contends that she did not consent to the Magistrate Judge conducting any proceedings in this case. Both Federal Rule of Civil Procedure 72, Local Rule 72.1B, and 28 U.S.C. § 636(b) allow Magistrate Judges in this Court, without the parties' consent, to prepare a report and recommendation on a dispositive motion, such as Defendants' motion to dismiss. It is the Court who ultimately rules on a dispositive motion after consideration of the report and recommendation and any timely filed objections. Therefore, Plaintiff's contention is without merit.

In the remainder of her Objections and in her motion for default judgment, Plaintiff argues that Defendants are in default because they did not timely file an Answer to her Complaint, instead filing a motion to dismiss "without submitting to the court's jurisdiction."

Typically, an Answer is due twenty days after service of a complaint.

See Fed. R. Civ. P. 12(a)(1).  However, a party may, and in some instances must, file a Rule 12 motion prior to filing an Answer.  See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); see also Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992) ("A motion to dismiss challenging the legal sufficiency of the complaint to state a claim for which relief may be granted preempts the necessity of a defendant's filing an answer until the motion is decided by the district court.").  In the event the Court denies the Rule 12 motion, the responding party has ten days after the Court's action to file an Answer.  See Fed. R. Civ. P. 12(a)(4).

Here, Defendants filed a motion to dismiss within the time allowed for filing an Answer.  Such action satisfies Defendants' responsive burden until the Court rules on the motion.  Thus, Defendants are not in default.

## III.   Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections [#14] and **ADOPTS** the Magistrate Judge's Report and Recommendation [#12] as the opinion of this Court.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss [#9] and **DISMISSES** Plaintiff's Complaint [#1].  The Court also **DENIES** Plaintiff's motion for default judgment [#13].  The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this  15th  day of April, 2008.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE